IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:17-CR-573-D(1) |
| | § | |
| CRYSTAL LEANN SHARKEY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Crystal Leann Sharkey ("Sharkey") has filed a May 2, 2023 motion for deviation from the U.S. Sentencing Guidelines.  For the reasons explained, the court denies the motion without prejudice.

I

Pursuant to a plea agreement, Sharkey pleaded guilty to possession of a controlled substance with intent to distribute and was sentenced to 210 months' imprisonment and a three-year term of supervised release.  Her direct appeal was dismissed under *Anders v. California*.  Sharkey now seeks a downward variance, contending that the distinction between "actual methamphetamine" and "methamphetamines mixture" resulted in a significantly higher base offense level based on the purity of the drugs—a base offense level of 32 instead of 26.  Sharkey maintains that the purity level of the methamphetamine is not indicative of her culpability, and she asks the court to reduce the base offense level to 26, which would, in turn, reduce her sentencing guideline range and overall sentence.  Sharkey

also states that she has focused on rehabilitation and completed 18 courses since her incarceration in the Bureau of Prisons ("BOP").

II

Sharkey has not demonstrated that the court has the authority to reduce her sentence on the grounds on which she relies. She cites no statutory authority for reducing her sentence. As a result, the court cannot determine that it has jurisdiction to entertain her motion for a reduced sentence or to grant the relief she seeks. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994) (per curiam) (denying a motion for reduction of sentence, which was unauthorized, and the district court was without jurisdiction to entertain).

Because the government did not file the instant motion (or file it within 14 days of sentencing), the court cannot construe it as a request for sentence correction or reduction under Fed. R. Crim. P. 35. *See* Fed. R. Crim. P. 35; *Early*, 27 F.3d at 141.

Nor is the motion authorized under 18 U.S.C. § 3582(c)(2), because it does not rely on an amendment to the United States Sentencing Guidelines. *See Early*, 27 F.3d at 142.

And it does not appear that Sharkey is seeking a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, that is, a so-called compassionate release. To obtain compassionate release, Sharkey must demonstrate extraordinary and compelling reasons. *See, e.g.*, *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). She must also exhaust administrative remedies. Even when liberally construed, Sharkey's motion does not show any extraordinary and compelling reasons that would justify a reduced sentence. Nor does she attempt to show that she has exhausted administrative remedies.

Because Sharkey does not raise any errors that occurred at or before sentencing, 28 U.S.C. § 2255 likewise does not provide a jurisdictional basis for the motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam).

Finally, because Sharkey does not challenge the way her sentence is being executed, her motion cannot be construed as a 28 U.S.C. § 2241 petition. *See id*. at 877. And even if she is asserting a claim that impacts the execution of her sentence, a habeas petition under § 2241 must be brought in the district in which the petitioner is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 & n.3 (5th Cir. 2001) (holding that district of incarceration is the only district with jurisdiction to entertain a § 2241 habeas petition). Because Sharkey is now incarcerated within the BOP in Aliceville, Alabama, this court lacks jurisdiction to entertain a motion that is construed as a habeas petition under § 2241. *Id.*

*        *        *

Accordingly, Sharkey's motion for deviation from the U.S. Sentencing Guidelines is denied without prejudice.

To the extent that Sharkey is relying on this court's habeas jurisdiction, the Clerk of the Court is directed to open and close for statistical purposes a new prisoner civil action (nature of suit code 530, cause 28 U.S.C. § 2241) directly assigned to the same district judge

and magistrate judge as in the criminal case.

**SO ORDERED**.

May 9, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE